Filed 2/25/22  P. v. Orozco CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>LUIS OROZCO,<br><br>      Defendant and Appellant. | B306916<br><br>(Los Angeles County<br>Super. Ct. No. NA090280) |

APPEAL from an order of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Reversed and remanded with directions.

Law Office of Stein and Markus, Andrew Stein, Joseph Markus; and Brentford Ferreira for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In 2015, defendant and appellant Luis Orozco, along with two codefendants, was convicted by a jury of the special circumstance murder and robbery of Franklin Robles. Defendant was sentenced to life without the possibility of parole. A panel of this court affirmed defendant's conviction in an unpublished decision. (*People v. Orozco* (Dec. 14, 2018, B276130) [nonpub. opn.].)

After the passage of Senate Bill 1437 (2017–2018 Reg. Sess.) in 2018, defendant filed a petition for resentencing in propria persona pursuant to Penal Code section 1170.95. Section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Defendant stated he was not the actual killer, did not act with intent to kill, was not a major participant and could not be convicted of murder in light of the changes to murder liability effected by Senate Bill 1437. Defendant also requested the appointment of counsel.

The court appointed defendant counsel and asked the People to file a response. The People filed opposition and defendant, through counsel, filed a reply.

On July 15, 2020, the court entertained argument from counsel. Defendant waived his right to appear because of the ongoing COVID-19 pandemic. The parties did not present new evidence. During the hearing, the court and the parties agreed to treat the hearing as an evidentiary hearing under Penal Code section 1170.95, subdivision (d).

The court denied defendant's petition, reasoning that "the jury was well within its province to find that the defendant, Mr. Orozco, the petitioner in this case, was a major participant who acted with reckless indifference to human life."

Defendant appealed.

In October 2021, while this appeal was pending, the Legislature passed Senate Bill 775 (2021–2022 Reg. Sess.) which, among other things, amended the language of Penal Code section 1170.95. (Stats. 2021, ch. 551, § 2.) As relevant here, the statute was amended to expressly require a trial court conducting an evidentiary hearing to sit as an independent factfinder and assess the record and any new evidence offered by the parties under the beyond a reasonable doubt standard of proof.

The record reflects the court did not act as an independent factfinder. Had the court done so, there would have been no reason to reference the jury's decision.

The statutory language states: "[T]he burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to [Penal Code] [s]ection 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (d)(3).) The new text provides that a prior "finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

The amendments also expand on the consideration of evidence at the hearing, during which both sides may "offer new or additional evidence to meet their respective burdens." (Pen. Code, § 1170.95, subd. (d)(3); see also *People v. Gentile* (2020) 10 Cal.5th 830, 855 ["section 1170.95 requires the superior court to determine on an individualized basis, after considering any new or additional evidence offered by the parties, whether the defendant is entitled to relief"].)

3

Accordingly, on remand, the trial court shall conduct a new evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d), as amended.

**DISPOSITION**

The order denying defendant's petition for resentencing is reversed and the case remanded to the superior court. On remand, the superior court shall conduct a new evidentiary hearing in accordance with Penal Code section 1170.95, subdivision (d)(3), as amended.


GRIMES, Acting P. J.


WE CONCUR:


WILEY, J.


HARUTUNIAN, J.*

---

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.